**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 13a0518n.06

No. 12-2049

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

May 22, 2013

DEBORAH S. HUNT, Clerk

| | |
|---|---|
| MARY KERN, | ) |
| | ) |
| Plaintiff-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) EASTERN DISTRICT OF MICHIGAN |
| CHRYSLER UAW PENSION, | ) |
| | ) |
| Defendant-Appellee. | ) |

Before: COLE and COOK, Circuit Judges; Katz, District Judge[*]

PER CURIAM. In this ERISA action, Plaintiff Mary Kern seeks widow's benefits under the pension plan of her late husband's employer, Chrysler Group LLC. At the time of his death, the couple had been married less than four months. The plan administrator denied benefits, citing the plan's one-year-marriage eligibility requirement, and the district court—adopting the magistrate judge's detailed report and recommendation—granted judgment on the administrative record to the plan. Kern now appeals, raising essentially the same argument that she presented to the district court: that the administrator improperly applied the one-year-marriage rule in the widow's benefits context, contrary to the plan's language and ERISA. We disagree and AFFIRM.

---

[*]The Honorable David A. Katz, United States District Judge for the Northern District of Ohio, sitting by designation.

Because this ERISA plan vests the administrator with discretion "to interpret the [p]lan and determine eligibility for . . . benefits," we review its interpretation under the "highly deferential arbitrary and capricious standard." *Haus v. Bechtel Jacobs Co., LLC*, 491 F.3d 557, 561 (6th Cir. 2007). Accordingly, we will affirm "so long as it is possible to offer a reasoned explanation, based on the evidence, for [the administrator's decision]." *Price v. Bd. of Trs. of Ind. Laborer's Pension Fund*, 707 F.3d 647, 651 (6th Cir. 2013) (citations and internal quotation marks omitted).

The administrator here, Chrysler Group LLC-UAW Pension Board of Administration, reads the plan's terms as requiring one year of marriage before widow's benefits attach, consistent with ERISA's similar exception to its mandate of surviving spouse benefits, 29 U.S.C. § 1055(f)(1). That provision states that a qualifying ERISA plan "may provide that a qualified joint and survivor annuity (or a qualified preretirement survivor annuity) will not be provided unless the participant and spouse had been married throughout the 1-year period ending on the earlier of (A) the participant's annuity starting date, or (B) the date of the participant's death." *Id.*

Although she appears to acknowledge that this provision *permits* a qualifying plan to condition benefits on a year's marriage, she claims that this plan failed to incorporate § 1055(f)(1)(B)'s exception. (Appellant Br. at 17 ("[T]he administrator chose to address one-half of the permissible exceptions by drafting [plan] language that is clearly intended where a participant retires while married less than one year. . . . [But it] did not incorporate the one-year prior to death exception within the Widow's/Widower's Pension Benefit section.").) Likening the situation to

insurance law, where courts typically require clear language before enforcing coverage exceptions, *see, e.g.*, *Ins. Co. of Penn. v. Cont'l Nat'l Indem. Co.*, 7 F. App'x 503, 507 (6th Cir. 2001), Kern argues that the administrator read a missing exclusion into the plan language. The plan language, though complex, belies this claim.

As the district court explained, section (9)B, addressing widow's pension benefits, limits eligibility to "the surviving spouse of an employee . . . (ii) who, if he had retired at the date of his death, would have been eligible to make the election under [s]ection (9)A [the term detailing "The Regular Surviving Spouse Option" benefits]." (A.R. at 161–62.) Section (9)A.2., in turn, provides:

> [The employee's] automatic election [of a reduced monthly pension benefit] shall be deemed to have been made at the time that the employee applies for a monthly pension . . . and the effective date of the election shall be the date his monthly pension commences except . . . :
>
> > (a) In the case of an employee who is married when his election would otherwise become effective but whose marriage at that date has been continuously in effect for less than one year, *the effective date of his election shall be the first day of the month following the month in which such marriage has been continuously in effect for one year.*

(A.R. at 157–58 (emphasis added).) Applying that provision here, Kern could never qualify for surviving spouse benefits—and by extension, widow's benefits— because her husband died without applying for a pension (Appellant Br. at 14), and his untimely death foreclosed the earliest possible effective date for electing the benefits, "the first day of the month following" their marriage's one-year anniversary.

Kern derides this interpretation as employing a "fiction that [her late husband] had applied for pension benefits and selected his annuity starting date." But that is the nature of the condition in section (9)B(ii), asking whether the decedent *would have been* eligible to make the election under section (9)A *if he had* retired at the date of his death. Other than resisting this necessary hypothetical, Kern does not suggest that her husband qualified under section (9)A. We need not consider whether the plan should have employed simpler language or the administrator could have ruled differently. It suffices that the administrator reasonably applied the plan language in denying widow's benefits.[1]

Because Kern fails to show that the administrator acted in an arbitrary or capricious manner, we AFFIRM.

---

[1]Kern appears to advance two additional arguments premised on a 2001 Summary Plan Document and certain provisions of the tax code. She forfeited these arguments by not preserving them in her objection to the magistrate judge's report and recommendation or failing to develop them in her appellate briefing. *See, e.g.*, *United States v. Johnson*, 440 F.3d 832, 846 (6th Cir. 2006) (declining to consider an issue that did not appear in the statement of issues and received only "perfunctory" treatment in the brief); *cf. CIGNA Corp. v. Amara*, 131 S. Ct. 1866, 1877 (2011) (rejecting the argument that summary plan terms "may be enforced (under [ERISA] § 502(a)(1)(B)) as the terms of the [ERISA] plan itself"); *Sprague v. Gen. Motors Corp.*, 133 F.3d 388, 401 (6th Cir. 1998) (en banc) ("An omission from the summary plan description does not, by negative implication, alter the terms of the plan itself.").